# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRENT NELSON AND<br>GINGER NELSON,<br><br>           Plaintiffs,<br><br>vs.<br><br>TAMKO BUILDING PRODUCTS, INC.,<br><br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No. 6:15-CV-1090<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS

Before the Court is Defendant's Motion to Stay.  (Doc. 10.)  Defendant asks that the request for admissions initiated in state court before removal to federal court be stayed until a Rule 26(f) conference has taken place.[1]  (Doc. 11, at 5.)  For the reasons set forth below, the Court **GRANTS** this motion.

Defendant argues that admissions requests served in state court do not need to be answered once the case is removed to federal court because no Rule 26(f) conference has taken place.  (Doc. 11, at 5.)  Plaintiffs oppose Defendant's motion because the request was made in state court where the Federal Rules of Civil Procedure do not apply.  (Doc. 13, at 3.)

1

The Federal Rules of Civil Procedure apply to all civil actions removed from state court.  Fed.R.Civ.P. 81(c)(1).  The Rules do not allow either party to seek discovery, with the exception of initial disclosures, until a Rule 26(f) conference has taken place.  Fed.R.Civ.P. 26(d)(1).  The "vast majority" of federal courts have interpreted Rule 26(d)(1) to supersede state-initiated discovery requests.  *See* ***Sterling Sav. Bank v. Fed. Ins. Co.***, 2012 WL 3143909, at *2 (E.D. Wash. Aug. 1, 2012).  Therefore, no party may continue to seek discovery of stat- initiated requests after removal until a Rule 26(f) conference has occurred.  *See id.*; *see also* ***Steen v. Garrett***, 2013 WL 1826451, at *3 (D.S.C. Apr. 30, 2013).

Plaintiffs also argue there is a statutory exception that should allow the state-initiated discovery requests into federal court regardless of Rule 26(d)(1).  (Doc. 13, at 3.)  28 U.S.C. § 1450 states:  "all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  Discovery is not, however, an injunction or an order.  The case law supports the finding that discovery is not an "other proceeding."  ***Sterling***, 2012 WL 3143909, at *2.  The Court concludes that discovery does not fall under any part of § 1450 and finds no reasonable

---

[1] Defendant's "Motion to Stay the entire case and compel arbitration, or, alternatively to dismiss for improper venue" is currently pending before the District Court.  (Doc. 7.)

exceptions to the Rule 26(f) conference requirement prior to discovery.[2]  The Court

thus holds that the requests for admissions initiated before removal are not valid

and need not be answered at this time.[3]

**IT IS THEREFORE ORDERED** that Defendant's "Motion to Stay

Response to Plaintiffs' Requests for Admissions" (Doc. 10) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 10th day of June, 2015.

   s/ KENNETH G. GALE

KENNETH G. GALE
United States Magistrate Judge

---

[2] There will be no Rule 26(f) conference and no discovery will be permitted until the District Court rules upon Defendant's "Motion to Stay the entire case and compel arbitration, or, alternatively, to dismiss for improper venue" (Doc. 7).

[3] If the case continues in District Court and a Rule 26(f) conference is completed, the requests for admissions will be deemed served after the conference.  Pursuant to Fed.R.Civ.P. 36, Defendant will have 30 days thereafter to respond.