IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BRENT NELSON and GINGER NELSON,  )
                                 )
                     Plaintiffs, )    **CIVIL ACTION**
                                 )
v.                               )    No.  15-1090-MLB
                                 )
TAMKO BUILDING PRODUCTS, INC.,   )
                                 )
                     Defendant.  )
_____)

**MEMORANDUM AND ORDER**

This case comes before the court on defendant TAMKO Building Products' motion to compel arbitration or, in the alternative, to dismiss for improper venue.[1] (Doc. 7). The motion has been fully briefed and is ripe for decision. (Docs. 8, 9, 12). Defendant's motion is denied for the reasons herein.

**I.  Facts**

In 2012, plaintiffs purchased a home in Independence, Kansas, at a foreclosure sale. In 2008, the previous home owner purchased defendant's Lamarite slate shingles. The shingles were installed on the roof by defendant. At some point, defendant stopped manufacturing the specific shingles which were installed on plaintiffs' home.

On March 15, 2014, several shingles blew and/or fell off of the home. Plaintiffs also observed that the shingles were cracked and deteriorated. Plaintiffs replaced the shingles at a cost of $89,652.75. In early 2015, plaintiffs' counsel filed a warranty claim

---

[1] The "venue" to which defendant apparently refers is the American Arbitration Association. The status of the arbitration and action, if any, by AAA, is unknown.

seeking reimbursement from defendant. Defendant denied the claim, asserting that defendant's limited warranty did not apply.

    The limited warranty contains the following provision:

> MANDATORY BINDING ARBITRATION: EVERY CLAIM, CONTROVERSY, OR DISPUTE OF ANY KIND WHATSOEVER INCLUDING WHETHER ANY PARTICULAR MATTER IS SUBJECT TO ARBITRATION (EACH AN "ACTION") BETWEEN YOU AND TAMKO (INCLUDING ANY OF TAMKO'S EMPLOYEES AND AGENTS) RELATING TO OR ARISING OUT OF THE SHINGLES OR THIS LIMITED WARRANTY SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION, REGARDLESS OF WHETHER THE ACTION SOUNDS IN WARRANTY, CONTRACT, STATUTE OR ANY OTHER LEGAL OR EQUITABLE THEORY.

(Doc. 8, exh. A).

    On February 27, 2015, plaintiffs filed a petition in the District Court of Montgomery County, Kansas, alleging claims of breach of warranty, violation of the Kansas Consumer Protection Act, negligence, fraud, etc. (Doc. 1).[2] Defendant removed the action to this court. In addition to filing their petition in state court, plaintiffs also filed a demand for arbitration with the American Arbitration Association.

    Defendant moves for an order staying this action and compelling plaintiffs' to arbitrate their claims. Plaintiffs respond that they are not contractually obligated to arbitrate.

**II. Analysis**

    The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., ensures that written arbitration agreements in transactions involving interstate commerce are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. Federal policy favors arbitration agreements and requires

---

[2] Plaintiffs attached the limited warranty to their state court petition.

-2-

that the Court "rigorously enforce" them. <u>Shearson/Am. Exp., Inc. v. McMahon</u>, 482 U.S. 220, 226, 107 S. Ct. 2332 (1987). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Although federal policy under the FAA strongly favors arbitration, "when the dispute is whether there is a valid and enforceable arbitration agreement in the first place, the presumption of arbitrability falls away." See <u>Riley Mfg. Co. v. Anchor Glass Container Corp.</u>, 157 F.3d 775, 779 (10th Cir. 1998).

Defendant bears an initial summary-judgment-like burden of establishing that it is entitled to arbitration. <u>Hancock v. American Tel. and Tel. Co., Inc.</u>, 701 F.3d 1248, 1261 (10th Cir. 2012). Thus, defendant must present evidence which is sufficient to demonstrate an enforceable agreement to arbitrate. See <u>id.</u>; <u>Oppenheimer & Co. v. Neidhardt</u>, 56 F.3d 352, 358 (2d Cir. 1995). If defendant makes such a showing, the burden shifts to plaintiffs to demonstrate a genuine issue for trial. See <u>id.</u>

As pointed out by plaintiffs in their response, defendant failed to establish that the limited warranty was part of an enforceable agreement between plaintiffs or the previous homeowners and defendant. (Doc. 9 at 5). Defendant has merely attached the unauthenticated limited warranty to its motion.[3] Because defendant has not submitted

---

[3] Defendant argues in its reply that plaintiffs admit that there was a warranty between the previous owner and TAMKO. (Doc. 12 at 4). Defendant, however, fails to cite to a document in which that admission occurred. Plaintiffs' affidavits clearly state that they have not been provided with any agreement which was signed by the prior owner. (Doc. 9, exhs. 1, 2).

evidence sufficient to establish an enforceable agreement to arbitrate, defendant's motion to compel arbitration is denied. The court need not reach the issue of estoppel as defendant has failed to establish that a binding agreement to arbitrate exists. <u>See</u>, <u>e.g.</u>, <u>Lenox MacLaren Surgical Corp. v. Medtronic, Inc.</u>, No. 11-1251, 2011 WL 5545420 (10th Cir. Nov. 15, 2011)(establishing the existence of a valid agreement signed by the party seeking to enforce the arbitration clause prior to determining whether a non-signatory party is estopped from asserting that it is not subject to arbitration).

### III. Conclusion

Defendant's motion to compel arbitration or, in the alternative, dismiss is denied. (Doc. 7).

A motion for reconsideration of this order is discouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   11th   day of June 2015, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-4-